**BOYAMIAN LAW, INC.**
Michael H. Boyamian (SBN 256107)
Armand R. Kizirian (SBN 293992)
550 North Brand Boulevard, Suite 1500
Glendale, California 91203-1922
Telephone:  818.547.5300
Facsimile:  818.547.5678
E-mail(s):   michael@boyamianlaw.com
             armand@boyamianlaw.com

**LAW OFFICES OF THOMAS W. FALVEY**
Thomas W. Falvey (SBN 65744)
550 North Brand Boulevard, Suite 1500
Glendale, California 91203-1922
Telephone:  818.547.5200
Facsimile:  818.500.9307
E-mail:     thomaswfalvey@gmail.com

Attorneys for PLAINTIFFS HECTOR MIRANDA, RENE MAYA, JR., Individually, On Behalf of All Others Similarly Situated

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HECTOR MIRANDA, an individual, RENE MAYA JR., an individual, on behalf of themselves and all other similarly situated individuals,<br><br>Plaintiffs,<br><br>vs.<br><br>R&L CARRIERS SHARED SERVICES, LLC, a Corporation, and DOES 1-10,<br><br>Defendants. | CASE NO.: 4:18-cv-04940<br><br>**CLASS ACTION COMPLAINT FOR:**<br><br>1. FAILURE TO PROVIDE MEAL AND REST PERIODS OR COMPENSATION IN LIEU THEREOF (CAL. LABOR CODE §§ 226.7, 512)<br>2. FAILURE TO REIMBURSE BUSINESS EXPENSES (CAL. LABOR CODE § 2802)<br>3. WAITING TIME PENALTIES (CAL. LABOR CODE § 203)<br>4. FAILURE TO PAY COMPENSATION FOR ALL HOURS WORKED AND MINIMUM WAGE VIOLATIONS (CAL. LABOR CODE §§ 216. 510, 1194, 1194.2, and 1197)<br>5. FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS (CAL. LABOR CODE § 226)<br>6. UNFAIR BUSINESS PRACTICES (CALIFORNIA BUSINESS AND PROFESSIONS CODE §§17200 ET SEQ.)<br><br>**DEMAND FOR JURY TRIAL** |

PLAINTIFFS HECTOR MIRANDA and RENE MAYA, JR. ("PLAINTIFFS"), individually, and on behalf of themselves, all others similarly situated, complain and allege on information and belief the following against R&L CARRIERS SHARED SERVICES, LLC, and DOES 1-10 (collectively "DEFENDANTS"):

**INTRODUCTION**

1. This case arises out of DEFENDANTS' systematic violations of California wage and hour laws. DEFENDANTS are national motor freight carrier companies which service all 50 states in addition to Canada, Puerto Rico and the Dominican Republic.

2. PLAINTIFFS and members of the PLAINTIFF CLASS (defined in more detail below) are California based truck drivers employed by DEFENDANTS. DEFENDANTS routinely failed to make available to PLAINTIFFS and members of the PLAINTIFF CLASS meal and rest periods as mandated by California law. DEFENDANTS did not compensate PLAINTIFFS and members of the PLAINTIFF CLASS for missed meal and rest periods despite their knowledge that these employees were routinely required to work through their meal and rest periods.

3. Through this lawsuit, PLAINTIFFS seek to recover all wages which he and other similarly situated employees rightfully earned but have been denied, as well as any penalties associated with DEFENDANTS' rampant and willful violations of the law.

**JURISDICTION. VENUE AND INTRADISTRICT ASSIGNMENT**

4. This Court has jurisdiction over PLAINTIFFS 's claims pursuant to the Class Action Fairness Act of 2005, which amended 28 U.S.C. § 1332, because (a) the proposed class members number at least 100; (b) the amount in controversy exceeds $5,000,000 and (c) PLAINTIFFS and DEFENDANTS are citizens of

different states. The Court has supplemental jurisdiction over the state labor law and unfair competition claims pursuant to 28 U.S.C. § 1367.

5. DEFENDANTS are subject to personal jurisdiction as corporations conducting substantial and continuous commercial activities in California. This case arises from DEFENDANTS' wrongful conduct in California, where DEFENDANTS employed PLAINTIFFS and members of the proposed PLAINTIFF CLASS.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) and (2). A substantial part of the events and omissions giving rise to PLAINTIFFS 's and members of the PLAINTIFF CLASS' claims occurred in this district. Additionally, DEFENDANTS are deemed to reside in this district under 1391(c) because they are subject to personal jurisdiction in the district.

7. Intradistrict assignment: Assignment to the Oakland Division is appropriate because DEFENDANTS operate a truck yard in Alameda County and a substantial part of the events which give rise to the claims occurred in Alameda County.

8. Venue is also proper in this District because DEFENDANTS purposefully availed in this forum in the prior and related lawsuit of *Mendez v. R+L Carriers, Inc., et al*. U.S.D.C. Case No. CV:11-1478-CW (filed May 20, 2011) which alleged the same Labor Code violations as alleged herein.

## **PARTIES**

9. PLAINTIFF HECTOR MIRANDA resides in Commerce, California. PLAINTIFF MIRANDA worked for DEFENDANTS as a truck driver from March 2009 to May 2018.  PLAINTIFF MIRANDA worked as a "Pick Up and Delivery Driver" also known as a "City Driver" during his employment with DEFENDANTS.

10. PLAINTIFF RENE MAYA resides in Hacienda Heights, California. PLAINTIFF MAYA worked for DEFENDANTS as a truck driver from January

1  2007 to on or about June of 2018. At various times throughout his employment, PLAINTIFF MAYA worked both as a "City Driver" and/or "Linehaul Driver" with DEFENDANTS.

11. DEFENDANT R&L CARRIERS SHARED SERVICES, LLC is an Ohio Corporation with its principal place of business in Wilmington, Ohio.

12. DEFENDANTS are/were employers of PLAINTIFFS and members of the class under applicable federal law and regulations, including 29 U.S.C. section 203. In addition, Section 2 of the applicable California Industrial Wage Commission ("IWC") Order defines an "employer" as any "person as defined in Section 18 of the Labor Code, who directly or indirectly, or through an agent or any other person, employs or exercises control over the wages, hours or working conditions of any person." PLAINTIFFS are informed and believe and, based thereon, allege that DEFENDANTS, directly or indirectly, or acting through the agency of each other, employ or exercise control over the wages, hours or working conditions of PLAINTIFFS and the members of the class defined below. Furthermore, on information and belief, a centralized payroll and accounting system is used to pay the wages of PLAINTIFFS and the rest of the members of the class at all of DEFENDANTS' locations. Specifically, DEFENDANTS pay the wages and other benefits of all class members and direct and control, with the assistance of or through the agency of the other named Defendants, the terms and conditions of all class members' employment. Accordingly, DEFENDANTS are deemed joint employers of PLAINTIFFS and the rest of the class.

13. The true names and capacities of defendants named in the complaint as DOES 1-10, inclusive, whether individual, corporate, associate, or otherwise, are unknown to PLAINTIFFS, who therefore sues such defendants by such fictitious names. PLAINTIFFS will amend this Complaint to show true names and capacities when they have been determined.

////

14. At all times mentioned, DEFENDANTS, and each of them, were the agents, representatives, employees, successors, assigns, parents, subsidiaries and/or affiliates, each of the other, and at all times pertinent hereto were acting within the course and scope of their authority as such agents, representatives, employees, successors, assigns, parents, subsidiaries and/or affiliates. PLAINTIFFS also allege that DEFENDANTS were, at all times relevant hereto, the alter egos of each other. Wherever reference is made to DEFENDANTS, it is intended to include all of the named DEFENDANTS as well as the DOE Defendants. Each of the fictitiously named DOE Defendants is responsible in some manner for the occurrences alleged and proximately caused PLAINTIFFS' damages and the damages of the PLAINTIFF CLASS.

## CLASS ACTION ALLEGATIONS

15. PLAINTIFFS bring this action on behalf of themselves and all others similarly situated as a class action pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3), on behalf of the following class (referred to as the "PLAINTIFF CLASS"). The PLAINTIFF CLASS is composed of and defined as follows:

> **All drivers who worked at any of DEFENDANTS' locations as a "Pick Up and Delivery Driver" also known as a "City Driver" in California at any time within four years prior to the initiation of this action until the present (hereinafter "the Class period").**
>
> **All drivers who worked at any of DEFENDANTS' locations as a "Linehaul Driver" in California at any time within four years prior to the initiation of this action until the present (hereinafter "the Class period").**

16. Members of the PLAINTIFF CLASS can be in one or both defined classes. The members of the class are so numerous that joinder of all members would be unfeasible and not practicable. The membership of the entire class is

unknown to PLAINTIFFS at this time; however, it is estimated that the entire class is greater than 100 individuals, but the identity of such membership is readily ascertainable via inspection of the personnel records and other documents maintained by DEFENDANTS.

17. There are common questions of law and fact as to the class which predominate over questions affecting only individual members, including, without limitation:

    A. Whether DEFENDANTS failed to make available to PLAINTIFFS and members of the PLAINTIFF CLASS meal and rest periods as required by law;

    B. Whether DEFENDANTS had in place an unlawful piece-rate compensation scheme which did not directly pay for all work performed by PLAINTIFFS and members of the PLAINTIFF CLASS.

    C. Whether DEFENDANTS denied PLAINTIFFS and members of the PLAINTIFF CLASS all of the wages to which they were entitled pursuant to the California Labor Code, the California Industrial Welfare Commission's ("IWC") Wage Orders, and all other applicable Employment Laws and Regulations;

    D. Whether DEFENDANTS failed to pay PLAINTIFFS and members of the PLAINTIFF CLASS the required minimum wage for every hour where work was performed;

    E. Whether DEFENDANTS failed to provide PLAINTIFFS and members of the PLAINTIFF CLASS with accurate itemized statements;

    F. Whether DEFENDANTS owe PLAINTIFFS and the PLAINTIFF CLASS waiting time penalties pursuant to California Labor Code § 203;

    F. Whether DEFENDANTS violated California Labor Code § 2802 by failing to reimburse or indemnify PLAINTIFFS and the PLAINTIFF CLASS for business-related expenses, i.e., the costs incurred by using their personal cell phones;

G. Whether DEFENDANTS engaged in unfair business practices under § 17200 of the California Business and Professions Code;

H. The effect upon and the extent of damages suffered by PLAINTIFFS and the PLAINTIFF CLASS and the appropriate amount of compensation.

18. The claims of PLAINTIFFS pled as class action claims are typical of the claims of all members of the class as they arise out of the same course of conduct and are predicated on the same violation(s) of the law. PLAINTIFFS, as a representative party, will fairly and adequately protect the interests of the class by vigorously pursuing this suit through his attorneys who are skilled and experienced in handling matters of this type.

19. The nature of this action and the nature of the laws available to the PLAINTIFF CLASS make use of the class action format a particularly efficient and appropriate procedure to afford relief to the PLAINTIFF CLASS. Further, this case involves a corporate employer and a large number of individual employees possessing claims with common issues of law and fact. If each employee were required to file an individual lawsuit, the corporate defendants would necessarily gain an unconscionable advantage since it would be able to exploit and overwhelm the limited resources of each individual plaintiff with its vastly superior financial and legal resources. Requiring each class member to pursue an individual remedy would also discourage the assertion of lawful claims by employees who would be disinclined to pursue an action against their present and/or former employer for an appreciable and justifiable fear of retaliation and permanent damage to their careers at present and/or subsequent employment. Proof of a common business practice or factual pattern, of which the named PLAINTIFFS experienced, is representative of the class and will establish the right of each of the members of the class to recovery on the claims alleged.

////

////

20. The prosecution of separate actions by the individual class members, even if possible, would create: (a) a substantial risk of inconvenient or varying verdicts or adjudications with respect to the individual class members against the defendants; and/or (b) legal determinations with respect to individual class members which would, as a practical matter, be dispositive of the other class members' claims who are not parties to the adjudications and/or would substantially impair or impede the ability of class members to protect their interests. Further, the claims of the individual members of the class are not sufficiently large to warrant vigorous individual prosecution considering all of the concomitant costs and expenses attending thereto. PLAINTIFFS are unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

## FACTS COMMON TO ALL CAUSES OF ACTION

21. DEFENDANTS are motor freight carrier companies based in Ohio. In the Spring of 2007, DEFENDANTS expanded their national operations to Northern California by opening up service centers in Oakland, Fresno and Sacramento. Soon thereafter, DEFENDANTS opened service centers in Southern California and began operations throughout the state of California.

22. PLAINTIFF and members of the PLAINTIFF CLASS are California based drivers who operate DEFENDANTS' tractor-trailers. During their employment with DEFENDANTS, DEFENDANTS failed to make available to PLAINTIFFS and members of the PLAINTIFF CLASS meal and rest periods to which they were entitled by law. For example, drivers are strictly prohibited from taking meal and rest periods during Pick-Ups and Deliveries (PND), which can last anywhere from eight to nine hours. As a practical mailer, drivers cannot take meal and rest periods during PND time based on how DEFENDANTS' schedule pick-ups and deliveries. Drivers must adhere to strict schedules during PND time in order to meet the demands of their job. Taking a meal or rest period during PND

time would result in missed pick-ups or deliveries, either of which would subject the drivers to discipline.

23. DEFENDANTS have also created financial disincentives to discourage drivers from exercising their lawful rights to take meal and rest periods. In particular, taking meal and rest periods would lower the average number of deliveries a driver could make in an hour because any time spent on meal and rest periods is counted against a driver's average. Drivers with lower average deliveries per hour receive less work from DEFENDANTS and therefore make less money. DEFENDANTS' compensation system therefore helps ensure that drivers will not take a meal and rest period while operating their tractors.

24. DEFENDANTS also fail to make available to drivers who work over ten hours a second meal period even though drivers have not entered into agreements with DEFENDANTS to waive their second meal period.

25. DEFENDANTS failed to compensate PLAINTIFFS and members of the PLAINTIFF CLASS for missed meal and rest period despite their knowledge that such periods were not made available because drivers were forced to work through them. DEFENDANTS monitor the movement of tractor-trailers through the use of devices such as tachometers. Drivers also complete comprehensive manifests and reports detailing their drive time and pick-up and deliveries. These documents are routinely reviewed by DEFENDANTS and would reveal whether meal and rest periods are being made available.

26. In addition to violating California wage and hour laws with respect to meal and rest periods, DEFENDANTS also require PLAINTIFFS and members of the PLAINTIFF CLASS to have cell phones.  DEFENDANTS have failed to reimburse PLAINTIFFS and members of the PLAINTIFF CLASS for the costs of those phones.  PLAINTIFFS and members of the PLAINTIFF CLASS are not provided with company phones and DEFENDANTS' trucks are not equipped with any two-way radio.  As a result, DEFENDANTS' dispatchers, supervisors, and

personnel continuously and consistently communicate with PLAINTIFFS and members of the PLAINTIFF CLASS by contacting their personal cell phones during drive time. In the course and scope of their employment with DEFENDANTS, PLAINTIFFS and members of the PLAINTIFF CLASS are required to immediately respond to DEFENDANTS' agents repeated job-related inquiries as to their whereabouts, their progress of pick-ups, drop-offs, and meeting points with other drivers and haulers.

27. PLAINTIFFS and members of the PLAINTIFF CLASS' time records and wage statements do not show all the hours they worked. This causes injury because it makes it more difficult for PLAINTIFFS and members of the PLAINTIFF CLASS to determine what compensation they are owed and were not paid, including but not limited to, whether they were paid for meal and rest break premiums, or, are owed additional compensation for missing a second meal period because their shift may have exceeded ten hours.

28. PLAINTIFFS and members of the PLAINTIFF CLASS are not paid for all hours worked. From on or about December 24, 2013 to on or about early 2017, DEFENDANTS had in place an unlawful piece-rate compensation scheme which did not compensate PLAINTIFFS and members of the PLAINTIFF CLASS for all tasks performed. Accordingly, as a result of this unlawful piece-rate scheme, PLAINTIFFS and members of the PLAINTIFF CLASS are not paid for non-productive time, for time spent dead-heading before the pick-up, and after the delivery, of loads, for time spent performing work duties before their first load of the day and after their last load of the day, or for rest periods. Plaintiff and other Car Haulers are also not paid for standby time.

////
////
////
////

# FIRST CAUSE OF ACTION
## FAILURE TO PROVIDE MEAL AND REST PERIODS
### (CALIFORNIA LABOR CODE SECTION 226.7 AND 512)

By PLAINTIFFS in their individual capacity and in their capacity as representatives of all similarly situated members of the PLAINTIFF CLASS against DEFENDANTS.

29. PLAINTIFFS reallege and incorporate, by reference, as though fully set forth herein, the allegations contained in paragraphs 1 to 28.

30. DEFENDANTS failed to make available to PLAINTIFFS and members of the PLAINTIFF CLASS uninterrupted, work-free 30-minute meal periods for shifts in excess of five (5) hours worked and to compensate them for these missed meal periods as required by law.

31. DEFENDANTS, throughout PLAINTIFFS' employment with DEFENDANTS, failed to make available to PLAINTIFFS any breaks for shifts in excess of four (4) hours as required by law and failed to compensate them for missed rest periods. DEFENDANTS also failed to make available to members of the PLAINTIFF CLASS rest periods for shifts in excess of four (4) hours as required by law and failed to compensate them for missed rest periods.

32. PLAINTIFFS are informed and believe, and thereon allege that the failure of DEFENDANTS to make available meal and rest periods and to not compensate PLAINTIFFS and the PLAINTIFF CLASS for these missed meal and rest periods was willful, purposeful, and unlawful and done in accordance with the policies and practices DEFENDANTS' operations.

33. As a proximate cause of the aforementioned violations, PLAINTIFFS and members of the PLAINTIFF CLASS have been damaged in an amount according to proof at time of trial, but in an amount in excess of the jurisdiction of this Court.  PLAINTIFFS and the PLAINTIFF CLASS are entitled to recover the unpaid balance of wages owed, penalties, including penalties available pursuant to

11
CLASS ACTION COMPLAINT

California Labor Code Sections 226, 2261, 558, plus interest, reasonable attorney fees and costs of suit according to the mandate of California Labor Code, §§ 218.5 and 1194, et. seq.

## SECOND CAUSE OF ACTION
## INDEMNIFICATION
## (CALIFORNIA LABOR CODE § 2802)

By PLAINTIFFS in their individual capacity and in their capacity as representative of all similarly situated members of the PLAINTIFF CLASS against DEFENDANTS.

34. PLAINTIFFS reallege and incorporate, by reference, as though fully set forth, the allegations contained in paragraphs 1 to 33.

35. As a separate and distinct cause of action, PLAINTIFFS complain and reallege all of the allegations contained in this complaint, and incorporate them by reference into this cause of action as though fully set forth herein, excepting those allegations which are inconsistent with this cause of action.

36. Pursuant to Labor Code § 2802(a), an employer shall indemnify its employees for all necessary expenditures or losses incurred by the employees in direct consequence of the discharge of their duties, or of their obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful.

37. During the Class Period, the Class Members, including PLAINTIFFS and members of the PLAINTIFF CLASS incurred necessary business-related expenses and costs that were not fully reimbursed by DEFENDANTS, including and without limitations, cellular phones that were required by PLAINTIFFS and members of the PLAINTIFF CLASS that were to be used by DEFENDANTS' dispatchers and personnel to continuously communicate with PLAINTIFFS and members of the PLAINTIFF CLASS during work shifts.

////

38. During the Class Period, Defendants failed to reimburse the PLAINTIFF CLASS, including PLAINTIFFS for necessary business-related expenses and costs.

39. PLAINTIFFS and members of the PLAINTIFF CLASS, are entitled to recover from DEFENDANTS their business-related expenses and costs incurred during the course and scope of their activities for Defendants' benefit, plus attorneys' fees, costs and interest accrued from the date on which the employee incurred the necessary expenditures.

## THIRD CAUSE OF ACTION
## WAITING TIME PENALTIES
## (CALIFORNIA LABOR CODE § 203)

By PLAINTIFFS in their individual capacity and in their capacity as representative of all similarly situated members of the PLAINTIFF CLASS against DEFENDANTS.

40. PLAINTIFFS reallege and incorporate, by reference, as though fully set forth, the allegations contained in paragraphs 1 to 39.

41. Pursuant to California Labor Code § 201, if an employer discharges an employee, the wages earned and unpaid at the time of the discharge are due and payable immediately. Pursuant to California Labor Code § 202, if an employee quits his or his employment, the wages earned and unpaid at the time of the discharge are due and payable within seventy-two (72) hours of the resignation.

42. PLAINTIFFS and members of the PLAINTIFF CLASS were either terminated by DEFENDANTS or have resigned from their employment with DEFENDANTS. To this day, PLAINTIFFS and members of the PLAINTIFF CLASS have not received the wages and other compensation they rightfully earned.

43. DEFENDANTS, and each of them, willfully refused and continue to refuse to pay PLAINTIFFS and members of the PLAINTIFF CLASS all wages

earned in a timely manner, as required by California Labor Code § 203. PLAINTIFFS therefore request restitution and penalties as provided by California Labor Code § 203.

## FOURTH CAUSE OF ACTION

## FAILURE TO PAY COMPENSATION FOR ALL HOURS WORKED AND MINIMUM WAGE VIOLATIONS

## (CALIFORNIA LABOR CODE SECTIONS 216, 510 1194, 1194.2 and 1197)

By PLAINTIFFS in their individual capacity and in their capacity as representative of all similarly situated members of the PLAINTIFF CLASS against DEFENDANTS.

44. PLAINTIFFS reallege and incorporate, by reference, as though fully set forth, the allegations contained in paragraphs 1 to 43.

45. PLAINTIFFS bring this action to recover unpaid compensation for all hours worked as defined by the applicable Industrial Welfare Commission wage order as the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so.

46. DEFENDANTS' conduct described in this Complaint violates, among other things, Labor Code sections 216, 510, 1194 and 1197.

47. DEFENDANTS do not pay minimum wages to PLAINTIFFS and members of the PLAINTIFF CLASS for all hours worked when PLAINTIFFS and members of the PLAINTIFF CLASS are subject to DEFENDANTS' unlawful piece-rate compensation scheme.

48. DEFENDANTS failed to pay PLAINTIFFS and the PLAINTIFF CLASS for all of the actual hours worked when PLAINTIFFS and the PLAINTIFF CLASS continuously work through their purported meal periods. DEFENDANTS knew or should have known that PLAINTIFFS and the PLAINTIFF CLASS were working these hours.

49. PLAINTIFFS and the PLAINTIFF CLASS are entitled to recover the unpaid balance of compensation DEFENDANTS owe PLAINTIFFS and the PLAINTIFF CLASS, plus interest on that amount, liquidated damages pursuant to Labor Code section 1194.2 and reasonable attorney fees and costs of this suit pursuant to Labor Code section 1194. PLAINTIFFS and the PLAINTIFF CLASS are also entitled to additional penalties and/or liquidated damages pursuant to statute.

50. PLAINTIFFS and the PLAINTIFF CLASS are also entitled to penalties pursuant to Paragraph No. 20 of the applicable Wage Order which provides, in addition to any other civil penalties provided by law, any employer or any other person acting on behalf of the employer who violates, or causes to be violated, the provisions of the Wage Order, shall be subject to a civil penalty of $50.00 (for initial violations) or $100.00 (for subsequent violations) for each underpaid employee for each pay period during which the employee was underpaid in addition to the amount which is sufficient to recover unpaid wages.

## FIFTH CAUSE OF ACTION
## FAILURE TO PROVIDE ACCURATE ITEMIZED STATEMENTS
## (CALIFORNIA LABOR CODE § 226)

By PLAINTIFFS in their individual capacity and in their capacity as representative of all similarly situated members of the PLAINTIFF CLASS against DEFENDANTS.

51. PLAINTIFFS reallege and incorporate, by reference, as though fully set forth, the allegations contained in paragraphs 1 to 50.

52. DEFENDANTS failed to provide PLAINTIFFS and members of the PLAINTIFF CLASS with accurate itemized statements as required by Cal. Labor Code § 226.

////

////

53. PLAINTIFFS are informed and believe and thereon allege that DEFENDANTS knowingly and intentionally falsified the aforementioned payroll records. As a result, PLAINTIFFS and members of the PLAINTIFF CLASS are entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and are entitled to an award of costs and reasonable attorney fees.

## SIXTH CAUSE OF ACTION
## UNFAIR BUSINESS PRACTICES
## (CALIFORNIA BUSINESS AND PROFESSIONS CODE SECTION 17200, ET SEQ.)

By PLAINTIFFS in their individual capacity and in their capacity as representative of all similarly situated members of the PLAINTIFF CLASS against DEFENDANTS.

54. PLAINTIFFS reallege and incorporate, by reference, as though fully set forth, the allegations contained in paragraphs 1 to 53.

55. DEFENDANTS' violations of the Employment Laws and Regulations, as alleged in the complaint, include, among other things, DEFENDANTS': (1) failure and refusal to pay all wages earned by PLAINTIFFS and the PLAINTIFF CLASS pursuant to the illegal pay practices described above; (2) failure to pay PLAINTIFFS and the PLAINTIFFS CLASS minimum wage for all hours worked, including overtime; and (3) failure to provide compensation for missed meal and rest periods. The aforementioned violations constitute unfair business practices in violation of the Unfair Competition Law, California Business & Professions Code Section 17200, *et seq*.

56. As a result of DEFENDANTS' unfair business practices, DEFENDANTS have reaped unfair benefits and illegal profits at the expense of

PLAINTIFFS, the PLAINTIFF CLASS and members of the public. DEFENDANTS should be compelled to restore such monies to PLAINTIFFS and the PLAINTIFF CLASS.

57. In the absence of injunctive and equitable relief, PLAINTIFFS and the PLAINTIFF CLASS will suffer irreparable injury, which cannot readily be remedied by damage remedies. PLAINTIFFS and the PLAINTIFF CLASS require and are entitled to preliminary and permanent injunctive relief against DEFENDANTS, including but not limited to, orders that the DEFENDANTS account for and restore to PLAINTIFFS and the PLAINTIFF CLASS the compensation unlawfully withheld from them.

## **PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFFS pray judgment as follows:

1. That the Court determine that Causes of Action 1-6 may be maintained as a class action;
2. For general and compensatory damages, according to proof;
3. For restitution of all monies due to PLAINTIFFS and the PLAINTIFF CLASS from the unlawful business practices;
4. For waiting time penalties pursuant to California Labor Code §§ 203;
5. For penalties pursuant to California Labor Code §§ 226, 558 and all other applicable Labor Code and/or Employment Laws and Regulations;
6. For interest accrued to date;
7. For costs of the suit incurred;
8. For attorney fees and costs pursuant to California Labor Code §§'s 218.5, 226, 1021.5, 1194 and all other applicable law; and
9. For such other and further relief that the Court may deem just and proper.

DATED: August 14, 2018        **BOYAMIAN LAW, INC.**

By:   /s/ Michael H. Boyamian
      Michael H. Boyamian
      Attorneys for PLAINTIFFS HECTOR MIRANDA, RENE MAYA, JR., and all other similarly situated individuals

## DEMAND FOR JURY TRIAL

PLAINTIFFS and members of the PLAINTIFF CLASS hereby demand a jury trial for all claims so triable.

DATED: August 14, 2018        **BOYAMIAN LAW, INC.**

By:   /s/ Michael H. Boyamian
      Michael H. Boyamian
      Attorneys for PLAINTIFFS HECTOR MIRANDA, RENE MAYA, JR., and all other similarly situated individuals