UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HECTOR MIRANDA, et al., | Case No. 18-cv-04940-TSH |
| Plaintiffs, | |
| v. | **ORDER RE: MOTION TO DISMISS OR TRANSFER** |
| R&L CARRIERS SHARED SERVICES, LLC, | Re: Dkt. No. 10 |
| Defendant. | |

## I.    INTRODUCTION

In this proposed class action, Plaintiffs Hector Miranda and Rene Maya ("Plaintiffs")

allege their former employer, Defendant R&L Carriers Shared Services, LLC ("Shared Services")

failed to provide meal and rest breaks and compensate them for all hours worked in violation of

provisions of the California Labor Code and Business and Professions Code.  Shared Services now

moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(3), or alternatively, to transfer

this action to the Central District of California pursuant to 28 U.S.C. § 1406(a), based on improper

venue.  Plaintiffs filed an Opposition (ECF No. 17) and Shared Services filed a Reply (ECF No.

18).  The Court finds this matter suitable for disposition without oral argument and **VACATES**

the December 13, 2018 hearing.  *See* Civ. L.R. 7-1(b).  Having considered the parties' positions,

relevant legal authority, and the record in this case, the Court **DENIES** Shared Services' Motion

to Dismiss and **GRANTS** its Motion to Transfer Venue to the Central District of California.

Shared Services is an Ohio corporation with its principal place of business in Wilmington, Ohio.  Compl. ¶ 11, ECF No. 1.  It provides transportation services to the public, which includes transportation of freight by commercial motor vehicle.  Fishpaw Decl. ¶ 3, ECF No. 10-1.  Shared Services operates at more than 113 service center ("terminal") locations throughout the United States, Mexico, Canada, Puerto Rico, and Dominican Republic.  *Id.* ¶ 4; Compl. ¶ 1.  Within California, Shared Services operates at 12 terminal locations, with four in the Northern District of California and five in the Central District of California.  *Id.*; Opp'n at 5.

Hector Miranda resides in Commerce, California.  Compl. ¶ 9.  Miranda worked for Shared Services as a "City Driver" and a "Linehaul Driver" from March 2009 to May 2018.  *Id.*; Wyrick Decl. ¶ 4, ECF No. 10-2.  He worked exclusively out of the Shared Services terminal located at 1220 W. Washington Boulevard in Montebello, in Los Angeles County.  *Id.*  As a City Driver, Miranda made local freight pickups and deliveries to customers at locations within the County of Los Angeles.  *Id.*  As a Linehaul Driver, he transported freight trailers between Shared Services terminal locations within the County of Los Angeles.  *Id.*

Rene Maya resides in Hacienda Heights, California.  Compl. ¶ 10.  He also worked for Shared Services as a City Driver and a Linehaul Driver from January 2007 to June 2018.  *Id.*  Maya was initially hired to work out of Shared Services' Montebello terminal and its terminal located at 10223 Calabash Avenue in Fontana, San Bernardino County.  Wyrick Decl. ¶ 5.  As a City Driver, Maya made local freight pickups and deliveries to customers at locations within the County of Los Angeles.  *Id.*  As a Linehaul Driver, he transported freight trailers between Shared Services terminal locations within Southern California.  *Id.*

Plaintiffs filed this proposed class action on August 14, 2018, on behalf of the following class:

> All drivers who worked at any of [Shared Services'] locations as a "Pick Up and Delivery Driver" also known as a "City Driver" in California at any time within four years prior to the initiation of this action until the present (hereinafter "the Class period").

> All drivers who worked at any of [Shared Services'] locations as a "Linehaul Driver" in California at any time within four years prior to the initiation of this action until the present (hereinafter "the Class

Compl. ¶ 15.  They bring six causes of action: (1) failure to provide meal and rest periods, Cal.

Lab. Code §§ 226.7, 512; (2) indemnification, Cal. Lab. Code § 2802; (3) waiting time penalties,

Cal. Lab. Code § 203; (4) failure to pay compensation for all hours worked and minimum wage

violations, Cal. Lab. Code §§ 216, 510, 1194, 1194.2, 1197; (5) failure to provide accurate

itemized statements, Cal. Lab. Code § 226; and (6) unfair business practices, Cal. Bus. & Prof.

Code § 17200, et seq.  Compl. ¶¶ 29-57.

Plaintiffs allege venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) and (2)

because "[a] substantial part of the events and omissions giving rise" to their claims occurred here.

*Id.* ¶ 6.  They further allege Shared Services is "deemed to reside in this district under 1391(c)

because they are subject to personal jurisdiction in this district."  *Id.*  Plaintiffs also allege venue is

proper because Shared Services "purposefully availed in this forum in the prior and related lawsuit

of *Mendez v. R+L Carriers, Inc., et al.* U.S.D.C. Case No. CV:11-1478-CW (filed May 20, 2011)

which alleged the same Labor Code violations as alleged herein."  *Id.* ¶ 8.

Shared Services filed the present motion on November 1, 2018.

### III.   LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(3) permits a defendant to move to dismiss a

complaint for improper venue.  Once challenged, the plaintiff bears the burden of demonstrating

the propriety of venue in a given court.  *Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d

491, 496 (9th Cir. 1979).  When considering a motion to dismiss under Rule 12(b)(3), the Court

does not have to accept pleadings as true and may consider facts outside of the pleadings.  *Murphy*

*v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1137 (9th Cir. 2004).  However, it must draw all

reasonable inferences and resolve all factual conflicts in favor of the non-moving party.  *Id.* at

1138.

Pursuant to the general venue statute, a civil action may be brought in:

> (1)  a judicial district in which any defendant resides, if all
> defendants are residents of the State in which the district is located;
>
> (2)  a judicial district in which a substantial part of the events or
> omissions giving rise to the claim occurred, or a substantial part of

property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C.A. § 1391(b).

If the court determines that venue is improper, it must either dismiss the action or, if it is in the interests of justice, transfer the case to a district or division in which it could have been brought. 28 U.S.C. § 1406(a). Whether to dismiss for improper venue or transfer venue to a proper court is a matter within the sound discretion of the district court. *King v. Russell*, 963 F.2d 1301, 1304 (9th Cir. 1992) (affirming district court's decision to dismiss, rather than transfer, case in response to 12(b)(3) motion); *see also* 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."). In addition, even if venue is proper in this District, it is within the Court's discretion to transfer the action to any other district where it might have been brought "for the convenience of the parties and witnesses." 28 U.S.C. § 1404(a).

## IV.   DISCUSSION

Shared Services argues venue is improper in this District because the Court lacks personal jurisdiction over it. Mot. at 6. It maintains general jurisdiction is lacking because it is an Ohio corporation with its principal place of business in Ohio, and only 4% of its terminal locations are in the Northern District of California. *Id.* at 7-8. As to specific jurisdiction, it contends it did not purposefully direct any activities alleged in Plaintiffs' suit toward this District because Plaintiffs live and worked in the Central District, and their claims therefore arise from alleged unlawful employment activities that occurred at Shared Services' terminals located within the Central District. *Id.* at 12, 14. Shared Services argues that "[n]ot only was no intentional action expressly aimed at this District, *nothing whatsoever happened* in this District relevant to this case." *Id.* at 13 (emphasis in original).

In response, Plaintiffs argue their claims "are well-tethered to this District as they seek to certify their wage and hour claims for a putative class comprised of California employees." Opp'n

4

1    at 2.  They maintain Shared Services "cannot deny that a substantial number of putative class

2    members worked for Shared Services in the Northern District," and that "[c]onsequently, a

3    'substantial part' of the events giving rise to the claims of this suit occurred in the Northern

4    District of California, making venue proper in this District pursuant to 28 U.S.C. § 1391(b)(2)."

5    *Id.* at 2-3.  Plaintiffs concede that the Central District may be a proper venue for this action, but

6    "numerous putative class members were subject to wage and hour violations by Defendant in this

7    judicial district" and therefore, as "masters of their Complaint," they have chosen the Northern

8    District to pursue this action.  *Id.* at 3-4.  To the extent the Court finds venue improper here,

9    Plaintiffs request the Court transfer this matter to the Central District.  *Id.* at 5.

10   **A.      Venue Under Section 1391(b)(1)**

11          Under 28 U.S.C. § 1391(b)(1), venue is proper if Shared Services is deemed to reside in

12   the Northern District of California.  For purposes of venue, corporate defendants reside "in any

13   judicial district in which such defendant is subject to the court's personal jurisdiction with respect

14   to the civil action in question."  *Id.* § 1391(c)(2).  However, in states with multiple judicial

15   districts, a "corporation shall be deemed to reside in any district in that State within which its

16   contacts would be sufficient to subject it to personal jurisdiction if that district were a separate

17   State."  *Id.* § 1391(d).  Thus, Shared Services "resides" in the Northern District of California if,

18   treating this District as a separate state, Shared Services would be subject to personal jurisdiction

19   here.  *Id.*  It is not enough for Plaintiffs to prove only that Shared Services is subject to personal

20   jurisdiction in California as a whole.

21          Courts properly exercise personal jurisdiction over a defendant "if it is permitted by a

22   long-arm statute and if the exercise of jurisdiction does not violate federal due process."  *Pebble*

23   *Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006).  "Federal courts ordinarily follow state

24   law in determining the bounds of their jurisdiction over persons."  *Daimler AG v. Bauman*, 571

25   U.S. 117, 125 (2014).  Because "California's long-arm statute allows the exercise of personal

26   jurisdiction to the full extent permissible under the U.S. Constitution," a court's inquiry centers on

27   whether exercising jurisdiction comports with due process.  *Id.*; *see* Cal. Civ. Proc. Code § 410.10

28   ("A court of this state may exercise jurisdiction on any basis not inconsistent with the Constitution

of this state or of the United States."). Due process requires that a defendant has "minimum contact" with the forum state such that the exercise of personal jurisdiction "does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quotation omitted). Personal jurisdiction based on the minimum contacts analysis may either be "general or all-purpose jurisdiction" or "specific or case-linked jurisdiction." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011).

### 1.     General Jurisdiction

A court may assert general personal jurisdiction over corporations "when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Id.* However, "[t]he standard for general jurisdiction 'is an exacting standard, as it should be, because a finding of general jurisdiction permits a defendant to be haled into court in the forum state to answer for any of its activities anywhere in the world.'" *Mavrix Photo, Inc. v. Brand Tech., Inc.*, 647 F.3d 1218 (9th Cir. 2011) (quoting *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801 (9th Cir. 2004)). "The contacts with the forum state must be of a sort that approximate physical presence." *Gator.Com Corp. v. L.L. Bean, Inc.*, 341 F.3d 1072, 1076 (9th Cir. 2003) *on reh'g en banc*, 398 F.3d 1125 (9th Cir. 2005). Thus, the Ninth Circuit "regularly [has] declined to find general jurisdiction even where the contacts were quite extensive." *Amoco Egypt Oil Co. v. Leonis Nav. Co., Inc.*, 1 F.3d 848, 851 (9th Cir. 1993).

Here, none of the facts support a finding that Shared Services is "fairly regarded as at home" in this District. *Goodyear*, 564 U.S. at 924. "General jurisdiction . . . calls for an appraisal of a corporation's activities in their entirety, nationwide and worldwide. A corporation that operates in many places can scarcely be deemed at home in all of them." *Daimler*, 571 U.S. at 139 n.20. As confirmed by the Declaration of James Fishpaw, approximately 10% of Shared Services' terminal locations are in California, and of that only 4% of its locations are in the Northern District. Fishpaw Decl. ¶ 4. This is hardly the sort of continuous and systematic contact that would permit Shared Services to be sued in this District for any of its activities anywhere in the world. Further, "[w]ith respect to a corporation, the place of incorporation and principal place of business are paradig[m] . . . bases for general jurisdiction." *Daimler*, 571 U.S. at 137 (citation

6

omitted, alterations in original). Here, "Shared Services is an Ohio limited liability company with its principal place of business in Wilmington, Ohio." Fishpaw Decl. ¶ 3. Accordingly, there is no basis on which the Court could find general jurisdiction exists here.

### 2. Specific Jurisdiction

Specific jurisdiction "depends on an 'affiliatio[n] between the forum and the underlying controversy,' principally, activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation." *Goodyear*, 564 U.S. at 919 (quoting von Mehren & Trautman, *Jurisdiction to Adjudicate: A Suggested Analysis*, 79 Harv. L. Rev. 1121, 1136 (1966)). In the Ninth Circuit, courts employ a three-part test to determine whether a defendant's contacts suffice to establish specific jurisdiction:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Fred Martin Motor Co.*, 374 F.3d at 802 (citation omitted). The plaintiff bears the burden of demonstrating the first two prongs. *CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1076 (9th Cir. 2011). If the plaintiff satisfies the first two parts of the test, the burden shifts to the defendant to "to set forth a 'compelling case' that the exercise of jurisdiction would not be reasonable." *Id.* (quoting *Burger King v. Rudzewicz*, 471 U.S. 462, 476-78 (1985)). While all three requirements must be met, in considering the first two prongs, "[a] strong showing on one axis will permit a lesser showing on the other." *Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1210 (9th Cir. 2006) (en banc).

Here, the named Plaintiffs did not work and do not reside in this District. In fact, there is no evidence that any contacts Shared Services has had with Plaintiffs relate to this forum. Instead, Plaintiffs appear to rely entirely on Shared Services' employment of unnamed members of the proposed class in this District as the source of the required "minimum contacts." Opp'n at 2-3.

1    However, it is well established that determination of proper venue is based on the named plaintiff,

2    not unnamed or absent putative class members. *Ambriz v. Coca Cola Co.*, 2014 WL 296159, at

3    \*5-6 (N.D. Cal. Jan. 27, 2014) ("The Court concludes that a defendant's contacts with the named

4    plaintiff in a class action, without reference to the defendant's contacts with unnamed members of

5    the proposed class, must be sufficient for the Court to exercise specific personal jurisdiction over

6    the defendant."); *Levine v. Entrust Grp., Inc.*, 2012 WL 6087399, at \*4 (N.D. Cal. Dec. 6, 2012)

7    ("[D]etermining which potential venue is appropriate should be based on the plaintiffs in the class

8    action—not absent class members.") (citation omitted); *Dukes v. Wal-Mart Stores, Inc.*, 2001 WL

9    1902806, at \*9 (N.D. Cal. Dec. 3, 2001) ("The Court adopts here the general rule that each

10   plaintiff in a class action must individually satisfy venue."); *Briggs v. United States*, 2009 WL

11   113387, at \*5 (N.D. Cal. Jan. 16, 2009) ("[C]ourts generally hold that the named plaintiffs must

12   satisfy the applicable venue requirements but that unnamed plaintiffs need not satisfy those

13   requirements."). Thus, Plaintiffs' argument is without merit because Shared Services' contacts

14   with unnamed members of the proposed class are not considered in the minimum contacts

15   analysis.

16   Looking only to Shared Services' contacts with Plaintiffs, and treating this District as a

17   separate state, the Court concludes there is no basis to exercise personal jurisdiction over Shared

18   Services. Consequently, Shared Services does not reside in this District for purpose of the 28

19   U.S.C. § 1391(b)(1) venue analysis.

20   **B.      Venue Under Section 1391(b)(2)**

21   Under this subpart, venue is proper in this District if "a substantial part of the events or

22   omissions giving rise to the claim occurred" here. Plaintiffs bear the burden of presenting

23   evidence demonstrating that venue is proper in this District under section 1391(b)(2). *Doe v.*

24   *Unocal*, 248 F.3d 915, 922 (9th Cir. 2001). As discussed above, Plaintiffs have presented no

25   evidence that their injuries occurred in this District, and the claims of other possible class

26   members are irrelevant to the venue determination. *Ambriz*, 2014 WL 296159, at \*5-6; *see also*

27   *Johnson v. Law*, 19 F. Supp. 3d 1004, 1010 (S.D. Cal. 2014) (finding claims of potential class

28   members irrelevant to the 1391(b)(2) determination). Accordingly, Plaintiffs have not proven

8

<br>

United States District Court
Northern District of California

1  proper venue in this District under this subpart of the venue statute.

2  **C.      Venue Under Section 1391(b)(3)**

3  Under this subpart, venue is proper in this District if subparts (1) and (2) cannot be

4  satisfied by another district and at least one defendant is subject to personal jurisdiction in this

5  District.  However, Plaintiffs concede that the Central District is a proper venue for this action,

6  requesting the Court to transfer this case to the Central District if it finds venue improper here.

7  Opp'n at 5-6.  Accordingly, because venue is proper in the Central District, this subpart of the

8  venue statute does not apply.

9  **D.      Transfer Under Section 1406(a)**

10  Although Shared Services move for dismissal based on improper venue, in lieu of

11  dismissal, this Court may, "in the interest of justice, transfer [this] case to any district or division

12  in which it could have been brought."  28 U.S.C. § 1406(a).  To spare Plaintiffs the delay and

13  expense involved in re-filing this action and re-serving Shared Services, the Court finds the

14  interests of justice weigh in favor of transfer to a proper venue instead of outright dismissal.  To

15  that end, the Court finds this action could have been brought in the Central District of California

16  as venue would have been proper there under 28 U.S.C. § 1391.  Moreover, all of the allegations

17  in Plaintiffs' complaint point to the Central District as being the best district for this lawsuit.

18  Accordingly, the Court finds transfer to the Central District of California is appropriate under

19  Section 1406(a).

20  **V.      CONCLUSION**

21  The Court finds the Northern District of California is not a proper venue for this action and

22  the interests of justice warrant transfer to the Central District of California pursuant to 28 U.S.C. §

23  1406(a).  Accordingly, the Court hereby **ORDERS** as follows:

24  1.      Shared Services' Motion to Dismiss pursuant to Federal Rule of Civil Procedure

25  12(b)(3) is **DENIED**;

26  2.      Defendant's Motion to Transfer Venue pursuant to 28 U.S.C. § 1406(a) is

27  **GRANTED**; and

28  3.      This action is **TRANSFERRED** to the United States District Court for the Central

9

1             District of California for further proceedings pursuant to 28 U.S.C. § 1406(a).

2         **IT IS SO ORDERED.**

4 Dated: November 28, 2018

THOMAS S. HIXSON
United States Magistrate Judge